**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY D. SLAVENS,

      Plaintiff - Appellant,

vs.

SCENIC AVIATION, INC.,

      Defendant - Appellee.

No. 99-4197
(D.C. No. 99-CV-259)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **KELLY**, and **LUCERO**, Circuit Judges.

Plaintiff-Appellant Gary Slavens appeals from the district court's grant of

summary judgment in favor of Defendant-Appellee Scenic Aviation ("Scenic").

Scenic operates primarily as an air ambulance and charter service, while

occasionally carrying air cargo.  Mr. Slavens worked for Scenic as its Vice

President of Medical Operations beginning in January of 1998.  After he was

terminated, Mr. Slavens alleged that he should have been paid for approximately

600 hours of overtime that he worked while employed with Scenic.  Mr. Slavens

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argues that failure to pay him for his overtime was a violation of the Fair Labor Standards Act ("FLSA"). The district court granted summary judgment in favor of Scenic, holding that Scenic is governed by the Railway Labor Act ("RLA") and is therefore exempt from the FLSA. On appeal, Mr. Slavens argues that (1) Scenic is not governed by the RLA; (2) he is not an "employee" as that term is defined by the FLSA, and thus cannot fall under the RLA exemption; and (3) his job duties are too far removed from any air carrier services to be governed by the RLA. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

### Discussion

We review a grant of summary judgment de novo. In doing so, we apply the same standard as the district court to determine whether there is a genuine issue of material fact, and whether defendant is entitled to judgment as a matter of law. See Southwestern Bell Wireless, Inc. v. Johnson County Bd. of County Comm'rs, 199 F.3d 1185, 1189 (10th Cir. 1999). We examine the entire factual record and any reasonable inferences which may be drawn from it in the light most favorable to the Plaintiffs. See Chessin v. Keystone Resort Management, Inc., 184 F.3d 1188, 1191-92 (10th Cir. 1999).

(1) Scenic is governed by the RLA

The Railway Labor Act covers "every common carrier by air engaged in

interstate or foreign commerce." 45 U.S.C. § 181. The FLSA expressly exempts air carriers subject to the RLA from the FLSA's overtime provisions. See 29 U.S.C. § 213(b)(3). Mr. Slavens is correct in asserting that exemptions to the FLSA are to be narrowly construed against the employer. See Chessin, 184 F.3d at 1192. However, in this case, the operations of Scenic are clearly within the exemption's terms and spirit. Thus, if Scenic is covered by the RLA, it is not subject to the FLSA's overtime provisions. See Northwest Airlines, Inc. v. Jackson, 185 F.2d 74, 77 (8th Cir. 1950).

Mr. Slavens contends that Scenic does not itself provide any carrier services, but rather simply owns and manages several other companies, which do perform air carrier services. Therefore, Mr. Slavens argues, Scenic is not a common carrier by air, and therefore not covered by the RLA. The evidence, however, is undisputed. Scenic is not merely a management company. Approximately 90-95 percent of Scenic's revenues are attributable to its air ambulance and charter service. Further, Scenic holds an Air Carrier Certificate from the Federal Aviation Administration ("FAA") authorizing Scenic to "operate as an air carrier and conduct common carriage operations." Scenic's sole purpose for existence is to provide air carrier services; the fact that it conducts business using several other assumed names is irrelevant. See e.g., In re Rocky Mountain Holdings, L.L.C. d/b/a/ Eagle Airmed of Arizona, No. CJ-

- 3 -

6638, 1999 WL 17850 (N.M.B. Jan. 12, 1999). We agree with the district court that there is no genuine issue of material fact that Scenic is a common carrier by air involved in interstate commerce. Therefore, it is governed by the RLA and exempt from the overtime provisions of the FLSA.

(2) Mr. Slavens is an "employee" of Scenic

The FLSA exempts from its overtime provisions any " *employee* of a carrier by air subject to [the Railway Labor Act]." 29 U.S.C. § 213(b)(3) (emphasis added). Mr. Slavens argues he is not an "employee" of Scenic for purposes of the FLSA by pointing to the FLSA's definition of employee (any person "employed by an employer") and its definition of employer (which "includes any person acting directly or indirectly in the interest of an employer in relation to an employee.") 29 U.S.C. §§ 203(e)(1), 203(d).

Neither party disputes that Mr. Slavens, as Vice President of Medical Operations, worked for Scenic in a management/supervisory capacity. Mr. Slavens contends that, in doing this work, he was "acting directly or indirectly in the interest of" Scenic, and should therefore be classified as an employer rather than an employee under the FLSA. Further, he claims that, as a manager, he would always represent management rather than employees in labor disputes, thus making him an employer. If classified as an employer rather than an employee, Mr. Slavens believes he would be eligible for overtime benefits under the FLSA,

because the exemption only applies to *employees* subject to the RLA.

However, the FLSA also clearly exempts from its overtime provisions "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Mr. Slavens' claim to be a manager would appear to place him squarely in this exempt category, making him ineligible for overtime pay. Mr. Slavens has given us no cases to support his position that he can be a subordinate employee (thus falling outside of the § 213(a)(1) exemption) while simultaneously being an employer for purposes of escaping the RLA exemption. We agree with the district court that Mr. Slavens is an employee of Scenic as defined by the FLSA.

(3) <u>Mr. Slavens' job duties were directly related to Scenic's air carrier services</u>

Mr. Slavens correctly points out that even if Scenic is subject to the RLA, not all of Scenic's employees are necessarily covered by the overtime exemption of the RLA. The RLA was not intended to apply to all types of work, regardless of the connection to transportation, just because the company conducting the work performed some carrier activities within its company functions. <u>See</u> <u>Northwest Airlines</u>, 185 F.2d at 77. Rather, the Act "'was intended to apply only to transportation activities and that work which bears more than a tenuous, negligible and remote relationship to the transportation activities [of the

employer].'" Id. (citation omitted).

Mr. Slavens argues that, because he had no day-to-day responsibilities over any pilots or airplanes, nor any knowledge of when various flights were taking place, his duties were tenuous, negligible, and remote with respect to Scenic's transportation activities, and he is not covered by the RLA. However, Mr. Slavens' duties were directly related to Scenic's operations as an air ambulance company. In his affidavit, Mr. Slavens characterized his job duties as "primarily focused on evaluating the medical background of potential medical staff for proper qualifications, establishing medical protocols, establishing company policies and procedures, informing hospitals of the services and resolving personnel disputes." Aplee. Supp. App. at 30 ¶15. Far from being "remote, tenuous, or negligible," these support activities are integral to Scenic's air ambulance services. Scenic, which derives 90-95 percent of its revenues from its air ambulance services, simply could not perform these services without such support activities. Cf. Pan American World Airways, Inc. v. United Bhd. of Carpenters & Joiners of America, 324 F.2d 217, 220 (9th Cir. 1963) (finding that preventive maintenance work at a nuclear research development station performed by employees of an airline was too remote from transportation to be within the application of the RLA); Marshall v. Pan American World Airways, Inc., 1977 WL 1772, at *5 (M.D. Fla. Aug. 8, 1977) (giving as an example of an

activity that is remote, tenuous, or negligible the operation of a hotel by airline employees).        Because we hold that Scenic Aviation is a common carrier by air subject to the RLA, that Mr. Slavens was an employee of Scenic for purposes of the RLA, and that his job duties with Scenic were not remote, tenuous, or negligible with respect to Scenic's transportation activities, the district court's grant of summary judgment to defendant Scenic Aviation is AFFIRMED.


                                                    Entered for the Court


                                                    Paul J. Kelly, Jr.
                                                    Circuit Judge